*Reversed and remanded.*

---

### ED SWIFT *v.* THE STATE.

1. CONTINUANCE — PRACTICE. — Defendant's bill of exceptions to the refusal of a continuance set out as the reasons for the ruling that the court deemed the desired testimony immaterial and the diligence insufficient; but the record nowhere sets out the application for continuance, or its contents. *Held*, that the presumption in favor of the ruling must prevail.

2. CHARGE OF THE COURT. — See instructions on murder in the second degree given at the request of the jury, and held correct. Instructions so given are to be considered in connection with the law originally given in charge to the jury.

APPEAL from the District Court of Medina. Tried below before the Hon. T. M. PASCHAL.

This case is a companion of that of P. S. Nolen, reported at page 585 of the present volume. The indictments were separate, but each charged the defendant as a principal in the murder of Sandy Winn. In Nolen's case a full abstract of the main facts will be found. The present appellant was found guilty of murder in the second degree, and his punishment was assessed at five years in the penitentiary.

*A. P. Bagby*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. This appeal is from a judgment of conviction for murder in the second degree, for the alleged murder of one Sandy Winn, and on an indictment which charges that the murder was committed by this appellant, in Medina County, on April 6, 1879.

The assignments of error will be considered, so far as deemed sufficiently important to require special notice, without regard to their order as presented in the record.

The first error complained of is error in overruling the defendant's application for a continuance of the case. A bill of exceptions seems to have been prepared and presented to the judge for his approval and signature, and was intended, doubtless, to present on appeal the question as to the correctness of the ruling of the court on the application for a continuance. The judge, however, before signing the bill, added an explanation as to the grounds of his ruling; but neither in the bill of exceptions, nor in the judge's ex-

planation, nor elsewhere, is the application set out, so that we can examine it here and see what the application contained, and whether or not there was error in overruling it. This not appearing, the legal presumptions are all in favor of the correctness of the ruling of the court; and we find no error in the ruling as the matter is here presented, assuming that the facts were as stated in the body of the bill of exceptions and in the explanation of the judge; because, if for no other reason, it does not appear, from the lights afforded by the record, either that the testimony was material, or that legal diligence had been employed to compel the attendance of the witnesses.

It appears from the record that, after the witnesses had all testified, the argument been closed, and the jury had received the charge of the court, and had retired in charge of the case to deliberate upon a verdict, and before a verdict had been agreed upon, the jury appeared before the court and submitted to the judge presiding the following request for additional instructions: "Please inform us as to murder in the second degree and punishment for same. Can we find a verdict for anything less than is charged in the indictment?" In response to this request, the judge gave to the jury the following instructions: "All murder not of the first degree is murder of the second degree, which is murder on implied malice. The kind of malice known as implied malice is such state of the slayer's mind as is implied from all the circumstances attending a homicide voluntarily committed with a deadly weapon (which is an instrument capable of inflicting death), and from the mode or manner of its use, likely to produce it, without excuse, justification, or such mitigating circumstances as would reduce the offence to manslaughter, and negative the existence of a wanton, cruel mind, disregarding the safety of his fellow-men or their lives, a heart regardless of social duty and fatally bent on mischief. When a man kills another under circumstances indicating that the act was the result

of a sudden, rash conception and impulse of the mind, and not from a cool, deliberate mind and formed design to kill or do serious bodily harm, such killing would be murder in the second degree, unless other facts in the case would justify the act, as in self-defence, or reduce it to the crime of manslaughter.  In response to your second written and verbal inquiry as to the circumstances under which you would be authorized to return a verdict for a less degree of murder than that charged, you are instructed that, should you entertain a reasonable doubt as to the existence, in this case, of express malice, yet if you further believe that the defendant either killed Sandy Winn as charged, or that he was present when he was killed, and, knowing the unlawful intent, aided in the killing as a principal offender, and that such killing was on implied malice, as defined, then you would be authorized to find him guilty of murder in the second degree, and assess his penalty at confinement in the penitentiary for any period of time not less than five years ; and if you have a reasonable doubt of his guilt of murder in the second degree, acquit him.''

The giving of this second charge on murder of the second degree is complained of in the motion for a new trial, and is also assigned as error.  The law permits the jury, after having retired to consider of their verdict, to appear before the judge, in open court, in a body, and through their foreman state to the court, either verbally or in writing, the particular point of law upon which they desire further instructions, and the court shall give such instructions in writing, as may be so requested.  The judge, however, is not permitted to avail himself of the opportunity thus afforded to give the jury instructions not called for by them ; the requirement of the law being that no instructions under these circumstances shall be given except upon the particular point on which it is asked.  Code Cr. Proc., art. 696.  There was no error in this particular proceeding of which the appellant ought to be heard to complain, under the

peculiar circumstances by which he was surrounded. The charge given at the request of the jury was substantially in response to their request, and did not violate the rules of law by going beyond the points upon which they requested to be ·enlightened. The charge on murder of the second degree must be considered in connection. with the definition of murder in the first degree, — murder upon express malice, — and with the following charge, given at the request of counsel for the defendant: " Express malice, which is the essential constituent of murder of the first degree, is never inferred or implied alone from the act done or the means used in doing it ; it must be proved *aliunde*, like any other fact in the case, by such evidence as may be reasonably sufficient, and convince the jury of its existence."

But whether these charges, or any part of them, are strictly correct or not, is of no consequence now to the appellant, he having been acquitted by the action of the court and jury of that grade of the offence. They are only of service now in determining the correctness and sufficiency of the charge as to the grade of the offence of which he has been convicted. As to this we find no material error of which the appellant can complain. The present case is in many respects not unlike the case of *Nolen* v. *The State*, decided at a former day of the present term. In one important particular, however, the two cases are essentially different. In Nolen's case it appeared that certain confessions or admissions, purporting to have been made by the prisoner after his arrest, were first admitted to go to the jury, over his objections, and which the court undertook to control by its charge, and which in our opinion were clearly not admissible in evidence, and should not have been permitted to go to the jury at all. It was error of the court as to those confessions or admissions which rendered it necessary that the judgment should be reversed. In the present case no such question is raised. The facts of the two cases being

so entirely dissimilar, the one cannot afford a safe rule for a decision of the other.

After a careful consideration of the whole case as presented by the record, in the absence of brief or oral argument for the appellant, we fail to perceive any such error committed on the trial below as would warrant an interference with the verdict and judgment, and therefore the judgment of the District Court is affirmed.

*Affirmed.*